IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

AMORIYANNA HACKER, by her Next Friend and Mother, KENYA HACKER,

                                    Plaintiff.

v.                          Civil Action Number 3:05CV259-JRS

UNITED STATES OF AMERICA,

                                  Defendant.

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant the United States of America's ("United States" or "Defendant") Motion to Dismiss, filed on June 14, 2005. For the reasons outlined below, Defendant's Motion is GRANTED.

I.

In June 2002, Plaintiff Amoriyanna Hacker ("Amoriyanna" or "Plaintiff"), an infant, and her parents moved into a two-story town-home rented to them by Defendant. The town-home included second story windows with screens approximately 17 inches above the floor. On April 27, 2003, Plaintiff, approximately 27 months old at the time, was in her parents' bedroom on the second floor of the town-home with her mother. The window in the room was open. Plaintiff pressed against the screen window, which gave way, and she fell out through the window. Plaintiff suffered injuries as a result of the fall.

Plaintiff, by her Next Friend and Mother, Kenya Hacker, filed a Complaint against Defendant on April 6, 2005. Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., the

single count Complaint alleges common law negligence. Specifically, Plaintiff contends that Defendant knew the town-home would be occupied by small children and knew, or reasonably should have known, that the second-story window presented an unreasonable fall hazard. Defendant filed a Motion to Dismiss on June 14, 2005. A hearing in this matter took place on July 21, 2005.

II.

Defendant seeks to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The function of a motion to dismiss is to test the law governing claims, not the facts which support them. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When considering such a motion, the Court must presume that all factual allegations in the complaint are true. See Puerto Rico ex. rel. Quiros v. Alfred L. Snapp & Sons, 632 F.2d 365 (4th Cir. 1980). However, a court need not accept a plaintiff's legal conclusions as true. Falwell v. The Executive Office of the President, 158 F. Supp.2d 734, 741 (W.D. Va. 2001). All reasonable inference must be made in favor of the non-moving party. See Johnson v. Mueller, 415 F.2d 354 (4th Cir. 1969). The Court should not dismiss any count unless it appears beyond a doubt that the plaintiff could not recover under any set of facts which could be proven. See Doby v. Safeway Stores, Inc., 523 F. Supp. 1162 (E.D. Va. 1981).

III.

Plaintiff has brought this action pursuant to the FTCA. Under the FTCA, the district courts have jurisdiction over:

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

See 28 U.S.C. § 1346(b). Accordingly, in order to establish a claim under the FTCA, Plaintiff must satisfy the requirements for a negligence claim under Virginia law. See Williams v. United States, 242 F.3d 169, 173 (4th Cir. 2001) (noting that under the FTCA, "law of the place" refers to state and local law). Virginia law dictates that a cause of action for negligence will be established where a plaintiff pleads "the existence of a legal duty, violation of that duty, and proximate causation which results in injury." Delk v. Columbia/HCA Healthcare Corp., 259 Va. 125, 132 (2000). The existence of a legal duty is a question of law for the court. See Rosen v. Red Roof Inns, 950 F. Supp. 156, 158 (E.D. Va. 1997).

Defendant argues that Plaintiff's Complaint should be dismissed because it fails to allege the existence of a legal duty owed to Plaintiff by Defendant. Plaintiff's Complaint alleges that Defendant (1) negligently failed to provide reasonably safe and secure living quarters for Plaintiff; (2) negligently allowed a known and/or unreasonable hazard for toddlers and small children to remain on such premises; and (3) negligently failed to properly and timely inform, advise, and warn Plaintiff's parents of the risks and hazards existing within such living quarters. See Compl. ¶ 22.

Under Virginia law, landlords do not owe a duty to provide reasonably safe and secure living quarters when the premises are within the possession of the tenant. See Kesler v. Allen, 233 Va. 130, 133 (1988) ("In the absence of a specific agreement to do so, a landlord has no duty to maintain in a safe condition any part of the premises under the tenant's exclusive control."); see also Aragona Enters. Inc. v. Miller, 213 Va. 298, 299-300 (1972) ("A landlord is not liable to a tenant or to members of his family, whether adult or infant, resulting from an open and obvious condition existing at the inception of the tenancy, and of which the tenant knew or had means of knowing

equal to the landlord.") (citations omitted). Stated differently, the general principle dictates that:

> On the owner's surrender of the premises to his lessee, in the absence of any warranty of their condition or fraudulent concealment of *known* defects, or agreement to repair, [the landlord] is not liable to the lessee or to his invitees for defects known to the lessee, or which [the lessee] could have discovered by reasonable inspection.

Appalachian Power Co. v. Sanders, 232 Va. 189, 193 (1986). See also Caudill v. Gibson Fuel Co., 185 Va. 233, 239-40 (1946) ("Where the right of possession and enjoyment of the leased premises passes to the lessee, the cases are practically agreed that, in the absence of concealment or fraud by the landlord as to some defect in the premises, known to him and unknown to the tenant, the tenant takes the premises in whatever condition they may be in, thus assuming all risk of personal injury from defects therein.")

Plaintiff argues that the articulated legal duties are inapplicable to the landlord-tenant relationship at bar because the cited cases all involve hazards which were open and obvious or which were readily identifiable as a result of reasonable inspection by the plaintiff.[1] In support of this contention, Plaintiff argues that the window was not an open and obvious danger, but rather it appeared deceptively safe at 17 inches above the floor and with a screen present. Plaintiff submits that the only way for Plaintiff's family to become aware of this hazard was for an accident like this to occur. Moreover, Plaintiff asserts that only Defendant was aware that the ledge height was unsafe and that other children fell from the same type of window under similar circumstances. Plaintiff

---

[1] At oral argument, Plaintiff further submitted that the stated principles do not apply because the window was a common area within Defendant's control. The law distinguishes between the duties of a landlord regarding the premises within the control of the tenant and within common areas. Specifically, the law states that landlords owe a "duty to use ordinary care to maintain in reasonably safe condition any part of the leased premises that was reserved for the common use of all tenants." Payton v. Rowland, 208 Va. 24, 26 (1967) (citations omitted). The area next to a window *inside* the leased dwelling is clearly not an area "reserved for the common use of all tenants" that the landlord has a duty to maintain in a reasonably safe condition.

argues that the danger posed by the window height and screen was latent to the eye and only the Defendant had specific knowledge of the actual risk associated with the window.

Plaintiff relies in part on Jeld-Wen, Inc. v. Gamble, 256 Va. 144 (1998), where the plaintiff sued a window manufacturer after her toddler fell through a window screen and sustained serious and permanent injuries. See Jeld-Wen, 256 Va. at 146. In Jeld-Wen, the Virginia Supreme Court reversed the district court and found for the window manufacturer because "manufacturers of ordinary window screens are not charged with a duty to safeguard against the misuse of their products as body restraints as this misuse is not considered reasonably foreseeable despite, or perhaps even because of, the obvious nature of the danger the misuse presents." Id. at 149. Plaintiff notes that at no point in this ruling did the court infer or suggest that the window screen presented an open and obvious hazard reasonably known to the toddler's parents.

Plaintiff further submits that many Virginia cases frame a negligence standard of care around the need to protect children of tender years from their inherent lack of judgment. See e.g. Dockery v. City of Norton, 204 Va. 752, 754 (1963) (city owes duty of care to children playing on streets); Morris v. Peyton, 148 Va. 812, 822 (1927) ("The law recognizes the fact that children act upon childish instincts and impulses and requires those charged with the duty of care and caution towards them to calculate upon this and take precaution accordingly.").

Lastly, Plaintiff analogizes this case to the doctrine of attractive nuisance.[2] Under Virginia law, property owners have a duty to protect children against latent hazards on land to which children, by reason if their immaturity, are at peril. Washabaugh v. N. Va. Constr. Co., 187 Va. 767, 770

---

[2]Plaintiff's comparison to the doctrine of attractive nuisance is inapposite since the doctrine of attractive nuisance or "turntable cases" has been repudiated in Virginia. See Washabaugh, 187 Va. at 769.

(1948).³ Plaintiff notes that one factor in this analysis is whether the hazard is "easily accessible to children and in a location where it is known that children frequently gather." Id. In this case, Plaintiff argues that Defendant specifically used the apartment complex as family housing, designed the house for families which children, and knew specifically that the height and configuration of the widows had harmed children in the past.

The crux of Plaintiff's argument turns on the premise that since the height of the window and the presence of a screen made the window appear to be "deceptively safe," the dangers of the window were not open and obvious, but were in fact latent to the eye. Plaintiff then contends that these facts remove this case from the general principle that, "in the absence of any warranty of their condition or fraudulent concealment of *known* defects, or agreement to repair, [the landlord] is not liable to the lessee or to his invitees for defects known to the lessee, or which [the lessee] could have discovered by reasonable inspection." Sanders, 232 Va. at 193. While Plaintiff's argument takes a unique stance regarding the circumstances of this case, the factors present in this case are not enough to impose a legal duty on Defendant.

Plaintiff's argument that the window was not an open and obvious condition because the height of the window and the presence of a screen made the window look deceptively safe, is unwarranted. Plaintiff's family had ample opportunity to view the height of the window and the absence of any child restraint on the window during the ten month period before the accident occurred. See Compl. ¶¶ 7, 17, 19. Plaintiff's family also had the opportunity to compare the height

---

³Plaintiff misstates the applicable standard for the attractive nuisance cases. Under Virginia law, courts could find that it was negligent for "the owners or occupiers of land to leave on their premises, easily accessible to children of tender years, an *instrument*, *machine*, or *appliance* which contains hidden, concealed, or latent danger when handled by one unfamiliar with its use." Washabaugh, 187 Va. at 770.

of the window to the height of Plaintiff at two years old. Moreover, Plaintiff's reliance on Jeld-Wen to support her claim that a window is not an open and obvious hazard is misplaced. Jeld-Wen expressly recognized that the risk that a child would push against a window screen and fall out was a common known and obvious danger:

> Common knowledge of a danger from the foreseeable misuse of a product does not alone give rise to a duty to safeguard against the danger of that misuse....In this respect, manufacturers of ordinary window screens are not charged with a duty to safeguard against the misuse of their products as body restraints, as this misuse is not considered reasonably foreseeable despite, or perhaps even because of, the obvious nature of the danger the misuse presents. The same rationale is extended in many cases to landlords and property owners.

Jeld-Wen, 256 Va. at 149-50 (internal citations omitted).

Furthermore, any claim by Plaintiff that the screen should have been able to support Plaintiff's weight is without merit. There is no requirement that window screens be sufficiently strong to act as a child restraint. See id. (finding that manufacturers of ordinary window screens, and in many cases property owners, do not have a duty to make screens to act as body restraints). The presence and height of the window is clearly an open and obvious condition that existed since the parents lived in the town-home. As such, the "deceptively safe" height of the window is not a "defect" which would impose a legal duty on Defendant.[4] Lastly, it is irrelevant that the law creates a heighten standard of care for children in certain instances because Plaintiff has not alleged the existence of a duty owed to her by Defendant.

---

[4] Considering the height of the window as a latent defect which would impose a legal duty on landlords would lead to ridiculous results. Assuming, *arguendo*, that the height of the window was considered a latent defect, a landlord's legal duty to the child tenant would be in constant flux depending on the child's age and ever changing growth. This is clearly not the type of duty the law intended to impose on landlords.

IV.

Even assuming that all the factual allegations in the Complaint are true, Plaintiff has failed to establish the existence and breach of a legal duty to support her negligence claim. Because the Complaint fails to state a claim upon which relief can be granted, Defendant's Motion to Dismiss is GRANTED. Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

An appropriate Order shall issue.

   /s/ James R. Spencer
JAMES R. SPENCER
UNITED STATES DISTRICT JUDGE


 AUGUST 8, 2005
DATE